AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
|  | )   Case No.  16-6286  HUNT |
| FENDY ABSOLU, | ) |
|  | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____06/16/2016_____ in the county of _____Broward_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C., Section 952(a) | Did knowingly and intentionally import into the United States from a place outside thereof a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine. |
| 21 U.S.C., Section 841(a) | Did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, In violation of 21 U.S.C. Sections 952(a) and 841(a). |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David Jansen, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____06/17/2016_____

_____
*Judge's signature*

City and state: _____Fort Lauderdale, Florida_____

Patrick M. Hunt, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, David Jansen, being duly sworn, hereby depose and state:

1.    I am a Special Agent (SA) with Homeland Security Investigations ("HSI"), and have been so employed for more than nine years. As a Special Agent, my duties include the investigation of violations of Titles 8, 18, 19, 21, and 31 of the United States Code. Before joining HSI, I was an officer with U.S. Customs and Border Protection ("CBP") for over four years. During my career I have completed over sixty weeks of training at the Federal Law Enforcement Training Center which included training regarding how to conduct criminal investigations involving violations of U.S. customs and drug laws. As a result of my training and experience, I am familiar with the tactics, methods, and techniques drug traffickers use to conceal, transport, and distribute narcotics.

2.    The information contained in this affidavit is based on my personal knowledge, as well as information relayed to me by other law enforcement agents involved in this investigation. The information set forth in this affidavit is provided solely for the purpose of establishing probable cause for the arrest of Fendy ABSOLU ("ABSOLU"). As such, it does not include all of the information known to me about this investigation. However; no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

3.    On June 16, 2016, I was contacted by CBP officers at the Fort Lauderdale International Airport (FLL). During an inspection of passengers from American Airlines flight #1158 (AA-1158) from Port Au Prince, Haiti, CBP officers conducted a secondary inspection of passenger ABSOLU and his belongings. During the inspection, officers conducted a pat-down of ABSOLU and discovered four (4) packages wrapped in plastic, taped to ABSOLU's

1

lower legs, concealed under his pants. The officers removed and probed the packages and discovered that they contained a white powdery substance which field tested positive for the presence of cocaine.  The estimated weight of the cocaine is 2.1 kilograms.

4. ABSOLU was read his *Miranda* rights by SA Jansen and waived them in writing. ABSOLU stated that in April of this year he was not doing well financially and was introduced to someone named "MANNI" in Port Au Prince. MANNI offered ABSOLU $5,000 USD to transport something to the U.S. for him. ABSOLU asked if he would be transporting explosives or chemicals and MANNI said no. ABSOLU said "I will try it" and agreed to transport something for MANNI.

5. MANNI purchased an airline ticket for ABSOLU and on or about April 24, 2016, then MANNI drove ABSOLU to the airport in Port Au Prince where he took a flight to FLL. ABSOLU traveled with packages wrapped in plastic, taped to his lower legs, concealed under his pants. Upon arrival at FLL, ABSOLU was inspected by CBP; however the packages tapped to his legs were not detected by CBP officers and ABSOLU did not declare them. After ABSOLU successfully passed through inspection, he gave the packages to an unknown person who paid him $2,000 USD for transporting them.

6. After returning to Haiti, ABSOLU asked MANNI for the remaining $3,000 he was owed for transporting the packages. MANNI told ABSOLU the money was in the U.S. and was too much to be wired to Haiti. MANNI told ABSOLU he would purchase an airline ticket for him to travel to the U.S. and pick-up the money he was owed but wanted him to transport more packages. MANNI told ABSOLU he would be paid another $5,000 and would receive all the money he was owed once in the U.S.  ABSOLU agreed to transport more packages to the

2

U.S. On June 16, 2016, ABSOLU met with MANNI and other unknown individuals who taped the packages to his legs and then drove him to the airport in Port Au Prince. ABSOLU took a flight to FLL where CBP officers discovered the packages taped to his legs. SA Jansen asked ABSOLU if he knew what he did was against the law and ABSOLU stated that "his instincts told him it was wrong". In response to questioning about what he thought he was carrying, ABSOLU also stated that he had watched television programs about individuals smuggling drugs like that.

7.    Based upon the foregoing, your Affiant submits there is probable cause to believe that Fendy ABSOLU did knowingly and willfully possess with the intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a), and did knowingly and willfully attempt to import cocaine into the United Stated, in violation of Title 21, United States Code, Section 952.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
DAVID JANSEN, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
17th day of June, 2016,

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

3